ORIGINAL
D&F
C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
OLGA A. MOREIRA,

                Plaintiff,

                **MEMORANDUM AND ORDER**

-against-              Case No. 04-CV-3436 (FB)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
------------------------------------------------------x

*Appearances:*

For the Plaintiff:
DAVID KUZNICKI, ESQ.
2 Rector Street, Suite 2104
New York, New York 10006

For the Defendant:
ROSLYNN R. MAUSKOPF, ESQ.
United States Attorney
Eastern District of New York
By: TIMOTHY D. LYNCH, ESQ.
Assistant United States Attorney
147 Pierrepont Street
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

### I.

On November 29, 2000, the Commissioner of Social Security ("Commissioner") affirmed the determination of an Administrative Law Judge ("ALJ") that plaintiff, Olga A. Moreira ("Moreira"), became disabled – and therefore eligible for Disability Insurance Benefits ("DIB") – beginning on May 6, 1999, the date Moreira began receiving psychiatric treatment for depression. Moreira appealed to this Court, arguing that the Commissioner should have awarded benefits from an earlier date. At a hearing held on March 20, 2002, Judge Ross of this Court stated:

> [I]t's clear there is a basis for an award of benefits prior to May 6, 1999, but I really don't think the record is sufficiently

complete for me to determine with accuracy [whether] the starting [date] that the plaintiff is alleging, which is December 23, 1994, is the appropriate starting date.

*See Moreira v. Commissioner*, 01-CV-303 (ARR) (E.D.N.Y.). The case was remanded for further proceedings. *See id.*

On remand, the same ALJ determined that, notwithstanding Judge Ross's holding, Moreira was entitled to DIB only as of May 6, 1999. After exhausting her administrative remedies, Moreira again seeks review in this Court.

## II.

The parties agree that the ALJ's determination of the onset date of Moreira's disability was based on a misapplication of Social Security Ruling 83-20, which provides that "the onset date should be set on the date when it is most reasonable to conclude from the evidence that the impairment was sufficiently severe to prevent the individual from engaging in [substantial gainful activity]." 1983 WL 31249, at *3 (S.S.A. 1983). For impairments of non-traumatic origin (such as depression), "the determination of onset involves consideration of the applicant's allegations, work history, if any, and the medical and other evidence concerning impairment severity." *Id.* at *2. Where, as here, there is no direct evidence establishing a precise onset date, the ALJ must "infer [one] from the medical and other evidence that describe the history and symptomatology of the disease process." *Id.*

An inferred onset date must have a "legitimate medical basis," with the ALJ developing the relevant medical evidence and, if necessary, "call[ing] on the services of a medical advisor." *Id.* at *3. "If reasonable inferences about the progression of the

2

impairment cannot be made on the basis of the evidence in [the] file and additional relevant medical evidence is not available," the ALJ must seek information "from family members, friends, and former employers . . . to furnish additional evidence regarding the course of the individual's condition." *Id.*

As the Commissioner candidly admits, the ALJ did not follow the foregoing directives. Thus, the only issue for the Court is whether to remand for further development of the record, or to determine Moreira's onset date as a matter of law and remand solely for calculation of benefits.

Remand for further development of the record is appropriate when "there are gaps in the administrative record or the ALJ has applied an improper legal standard." *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980). Remand for calculation of benefits, by contrast, is limited to situations in which "the record provides persuasive proof of disability and a remand for further evidentiary proceedings would serve no purpose." *Id.*

The record does not conclusively establish that Moreira's onset date is, as she alleges, December 23, 1994; rather, the correct date lies, as Judge Ross noted, somewhere between that date and the date Moreira began receiving psychiatric treatment. As the current record does not conclusively disclose a precise onset date, remand for further development of the record in accordance with Social Security Ruling 83-20 is the appropriate remedy.

### III.

The Commissioner's final decision determining that Moreira is entitled to DIB only as of May 6, 1999, is vacated, and the case remanded for further proceedings in

3

accordance with this Memorandum and Order. On remand, the case shall be reassigned (as the Commissioner represents it will be) to a different ALJ.

**SO ORDERED.**

/signed/
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
October 3, 2006