```
UNITED STATES DISTRICT COURT                      ORIGINAL
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
OLGA A. MOREIRA,

                          Plaintiff,
                                                  MEMORANDUM AND ORDER
          -against-                               Case No. 04-CV-3436 (FB)

COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.
-----------------------------------------------------------x
```

*Appearances:*
*For the Plaintiff:*　　　　　　　　　　　　*For the Defendant:*
DAVID KUZNICKI, ESQ.　　　　　　　　　　　ROSLYNN R. MAUSKOPF, ESQ.
2 Rector Street, Suite 2104　　　　　　　　　United States Attorney
New York, New York 10006　　　　　　　　　Eastern District of New York
　　　　　　　　　　　　　　　　　　　　　By: TIMOTHY D. LYNCH, ESQ.
　　　　　　　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　　　　　　147 Pierrepont Street
　　　　　　　　　　　　　　　　　　　　　Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

On October 6, 2006, the Court issued a Memorandum and Order (the "October 6th M&O") vacating the Commissioner's determination that plaintiff, Olga A. Moreira ("Moreira"), was disabled within the meaning of the Social Security Act only as of May 6, 1999; as the Commissioner candidly conceded, the Administrative Law Judge had erred in determining that onset date. The onset date of Moreira's disability was the only issue before the Court, which remanded "for further proceedings in accordance with this Memorandum and Order." October 6th M&O at 3-4.

On September 25, 2007, Moreira filed a letter motion advising the Court that the ALJ assigned to the case on remand had informed her that he would "be considering

*all* issues in the case, including the severity of both the mental and the physical impairments, and the issues decided both unfavorably and favorably by [the prior ALJ]." Letter from David Kuznicki, Esq. (Sept. 25, 2007), Ex B. (Letter from ALJ Jeffrey D. Wedekind (July 9, 2007)). In her letter, Moreira asked the Court to "reiterate its direction that the case is remanded solely to establish an onset date of disability between December 24, 1994 and May 6, 1999, and that this direction precludes the Commissioner from revisiting the issue of disability subsequent to May 6, 1999." *Id.*[1] The Commissioner opposed that request on the grounds (1) that the Court had not held that Moreira was disabled as of May 6, 1999, and (2) that the decision of the prior ALJ had been vacated in its entirety.

As the Supreme Court has observed, "[w]here a court finds that the Secretary has committed a legal or factual error in evaluating a particular claim, the district court's remand order will often include detailed instructions concerning the scope of the remand, the evidence to be adduced, and the legal or factual issues to be addressed." *Sullivan v. Hudson*, 490 U.S. 877, 885 (1989). Accordingly, the Court concludes that it has the authority to limit the scope of a remand to the Commissioner. *Accord MacLean v. Secretary of Health & Human Servs.*, 1994 WL 328792, at *2 (D.N.H. 1994) (citing *Sullivan*).

Though not explicitly stated, a limitation of the scope of the remand was

---

[1] Although Moreira's letter motion was filed nearly a year after the entry of final judgment, a district court always "retains jurisdiction to enforce the judgments it enters." 18 *Moore's Federal Practice* § 131.53 (3d ed. 2007); *see also* 28 U.S.C. § 1651 (authorizing federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions").

implicit in the October 6th M&O: There was no reason for Moreira to challenge the Commissioner's decision on grounds that had been resolved in her favor. As a result, the Court had no occasion to address any issue other than onset date.

Moreover, to allow a single, discrete error to serve as the basis for reconsidering Moreira's application for benefits *in toto* would serve no proper purpose. At best, it would add further delay to what has already been a protracted process;[2] at worst, it might be used to punish a claimant for having successfully pursued judicial review.

In sum, the Court's remand "for further proceedings in accordance with this Memorandum and Order" can only be sensibly understood as a directive to reevaluate the onset date of Moreira's disability. The Commissioner is directed to limit the scope of the ALJ's consideration accordingly.

**SO ORDERED.**

/signed/
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
December 13, 2007

---

[2]Moreira filed her application for benefits on February 4, 1998.

3